IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD NERY,

    Plaintiff,

v.   No. CV 14-918 KG/WPL

MOTEL 6,

    Defendant.

**ORDER DISMISSING COMPLAINT AND
GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**

**THIS MATTER** is before the Court on Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Doc. 3. Because the Court granted the Motion, Doc. 6, and because Plaintiff made an initial partial payment of the filing fee pursuant to 28 U.S.C. § 1915(b)(1), Doc. 10, the Court now reviews the merits of the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's Complaint, Doc. 1, alleges a Fourth Amendment violation, breach of contract, a Privacy Act violation and a violation of his right to privacy, on the grounds that Defendant Motel 6 released his personal information and whereabouts to the police without a warrant.

Plaintiff's Complaint fails to state a claim on which relief may be granted as to the alleged Fourth Amendment violation. "The Fourth Amendment protects citizens from unreasonable searches and seizures by government actors. However, Fourth Amendment protection against unreasonable searches and seizures is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." *United States v. Smythe*, 84 F.3d 1240, 1242 (10th Cir. 1996). Plaintiff's Complaint contains no factual allegations that Motel 6

was acting as an agent of the Government. Plaintiff used a form "Prisoner Civil Rights Complaint" and answered yes to the question: "was this defendant acting under color of state law?" However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992) ("The characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court"). The Court dismisses Plaintiff's Fourth Amendment claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

Plaintiff's Complaint also fails to state a claim on which relief may be granted as to the alleged Privacy Act violation. Although he does not specifically identify the "Privacy Act" in his Complaint, the Court presumes that "Privacy Act" refers to the federal Privacy Act, 5 U.S.C. § 552a, which protects citizens against improper disclosure of information about them by federal agencies. *See Andrews v. Veterans Administration of the United States*, 838 F.2d 418, 422 (10th Cir. 1988) ("The Privacy Act, 5 U.S.C. § 552a, was enacted to protect the privacy of individuals identified in information systems maintained by Federal agencies by preventing the misuse of that information"). The Privacy Act's prohibition of disclosure of information, except under certain conditions, does not apply to Motel 6 because Motel 6 is not a federal agency. The Court dismisses Plaintiff's Privacy Act claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff's final claims, breach of contract and violation of right to privacy, are state law claims. The Court cannot exercise supplemental jurisdiction over the breach of contract and right to privacy claims pursuant to 28 U.S.C. § 1367 because, having dismissed the Fourth Amendment and Privacy Act claims, the Court does not have original jurisdiction over at least one claim in Plaintiff's complaint. Supplemental jurisdiction only applies to a "civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a).

The Court dismisses Plaintiff's Complaint without prejudice. Plaintiff may, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this action without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint, Doc. 1, filed October 8, 2014, is **DISMISSED without prejudice.**

**IT IS ALSO ORDERED** that Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**